COHEN v. LOWE, Collector of Internal Revenue.

(District Court, S. D. New York. July 18, 1916.)

1. INTERNAL REVENUE ⬟⟿38—INCOME TAXES—ALLOWANCE FOR DEPRECIATION —BURDEN OF PROOF.

To recover income taxes paid under protest, on the ground that an insufficient amount was allowed for depreciation of the income-producing property, plaintiff has the burden of showing that the amount allowed was too small.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 83, 84; Dec. Dig. ⬟⟿38.]

---

⬟⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. INTERNAL REVENUE ☞7—INCOME TAXES—DEPRECIATION.

In computing, for assessment of income taxes, the amount of depreciation of property held for rental purposes, the depreciation to be allowed is for the wear and tear suffered by the building during the tax year, assuming that it is kept in good repair, and no allowance can be made for change in neighborhood or diminished rental value because of the erection of more modern buildings.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 8–10; Dec. Dig. ☞7.]

3. INTERNAL REVENUE ☞7—INCOME TAXES—ASSESSMENT.

The fiscal year for a firm of which plaintiff was a member began before the Income Tax Law went into effect. There was no showing that during that part of the year before the law went into effect any profits were earned. Held that, without such showing, plaintiff could not object that income taxes were assessed on the entire profits earned, on the ground that part of the taxes were based on income earned before the law went into effect.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 8–10; Dec. Dig. ☞7.]

4. INTERNAL REVENUE ☞7—INCOME TAXES—EXEMPTIONS.

The Income Tax Law allows exemption of $3,000 or $4,000, depending on whether the one taxed is single or married, and provides for a tax of 1 per cent. on all other income. Other provisions impose a tax of an additional 1 per cent. upon the amount by which the total net income exceeds $20,000 and does not exceed $50,000. Held that, in assessing the additional tax on the excess of the net income over $20,000, the exemption of $3,000 or $4,000, which is to be deducted in assessing the normal income tax cannot be made.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 8–10; Dec. Dig. ☞7.]

At Law. Action by Hyman Cohen against John Z. Lowe, Jr., Collector of Internal Revenue, etc. Judgment for defendant.

Benj. M. Kaye, of New York City, for plaintiff.

Ben A. Matthews, Asst. U. S. Atty., of New York City, for defendant.

GRUBB, District Judge. This is an action brought by the plaintiff to recover from the defendant, as Collector of Internal Revenue for the Second District of New York, an amount which he paid to the defendant, under protest, on account of his income tax for the year 1913, and which he claims was in excess of the amount legally due therefor.

The excess is claimed to exist in three respects: First, the amount allowed for depreciation on a building owned by plaintiff is claimed to have been too small; second, in that the amount of earnings of the firm of Cohen, Goldman & Co., of which he was a member, for the tax year of 1913, was fixed as the amount earned by said partnership during its fiscal year ending November 15, 1913, and part of this year was not within the period during which the law was effective; third, in the assessment of the additional tax on the amount of the net income of the plaintiff in excess of $20,000, without allowing a deduction for any exemption therefrom.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[1, 2] 1. The plaintiff was allowed 3 per cent. for depreciation on an apartment house owned by him. The burden is on him to show that the depreciation so allowed was too small. This allowance is for the wear and tear suffered by the building during the tax year, which means the physical deterioration that the building suffered during that period. It does not take into account depreciation in value due to a loss in rental value because of the construction of more modern buildings with improved facilities, or due to a change in the neighborhood. It is to be based upon the life of the building, in the sense of the number of years the building would remain in a condition to be habitable for the uses for which it was constructed and used, and which was in the instant case for an apartment house, and not merely the number of years it would stand without being condemned and torn down. The annual depreciation would be an amount represented by a fraction having one, the tax year, for the numerator and the number of years, representing the ascertained life of the building, as the denominator. This assumes that there would be an average deterioration suffered each year during the life of the building, and that the plaintiff would keep the building in good repair during the life of it. This the law exacts of him. Upon these assumptions, and giving this meaning to the words of the statute, "a reasonable allowance for the exhaustion, wear, and tear of the property arising out of its use or employment in the business," the amount of the deduction allowed by the government to the plaintiff on this account is deemed to be reasonable.

[3] 2. Complaint is made that the plaintiff is charged upon the basis of profits received by him or credited to him as a member of the firm of Cohen, Goldman & Co. for the year ending November 15, 1913, which was the fiscal year of the firm, a part of that year antedating the taking effect of the law. Whether profits earned by the firm prior to March 1, 1913, though not credited or paid to the individual partners till the end of its fiscal year in November, 1913, are taxable to the individual members, need not be decided in this case. The plaintiff, suing to recover a tax claimed to be excessive, has the burden of showing its illegality, and in this case must show that profits were earned by the partnership prior to March 1, 1913, and in what sum. It is conceded that the plaintiff has not and cannot sustain this burden.

The plaintiff contends that the equitable method would be to proportion the profits for the fiscal year of the firm in equal monthly installments, and allot to the period preceding March 1, 1913, its proper proportion, and that the method of average apportionment has been adopted by the Treasury Department in like cases, and is one to which it is therefore committed. There is no specific regulation of the Treasury Department governing this matter. In the absence of one, however equitable the method of apportionment may be, and though it is one adopted in analogous cases by the department, it could only be adopted by the court in this case by stipulation of the parties, which is wanting. It may well have been that no profits accrued to the partnership till after March 1, 1913, and that none were taxed accordingly, except such as were properly subject to the tax. In the absence of a showing to the contrary, the court must assume that the tax was

legally collected; the burden being on the plaintiff to establish its illegality.

[4] 3. The plaintiff also contends that, before assessing the additional tax on the excess of net income over $20,000, he should have been allowed an exemption of $3,000, as in the case of the normal tax. The law seems to have created two separate taxes—the normal tax and the additional tax. It is true they are created by the same act, and their incidence is in part identical, and they are by the terms of the act to be regulated, except where inconsistency would result from so doing, by the same provisions. In many respects, however, they are essentially distinct taxes.

The basis of the assessment of each is net income, and net income is to be ascertained for the purposes of each in the same way. After ascertainment, the normal tax is to be assessed on the net income, after deducting the exemptions allowed the single or married taxpayer as the case may be. The additional tax is to be assessed on the excess of net income over and above $20,000 at varying and progressive rates. The variation in rate, however, does not serve to create more than a single additional tax. No express direction to allow a deduction from the excess, for exemptions, before assessing the additional tax, is contained in the act. It must be derived from the general conformity provision of the act, if it is to be found there at all.

The purpose of the exemption was to exclude a class deemed unable to pay the tax. In the interest of equality, it was necessary to make the exemption apply generally to all subject to the normal tax. Otherwise the person whose income was but a dollar in excess of the exemption would be required to pay the tax on his entire income. This would have defeated the purpose intended. It was therefore necessary, in order to accomplish the purpose intended, to provide that the exemptions should apply equally to all who were subject to the normal tax. The purpose to protect by exemption those deemed unable to pay a normal tax could not have been held to apply in favor of those who were subject to the additional tax, since their supposed ability to pay an increased tax was the justification for its imposition.

The law, in effect, provides that the normal tax shall be collected as to single men on the excess of net income over $3,000, and as to married men upon the excess of net income over $4,000. The exemption of these amounts in favor of all persons subject to the normal tax is the equivalent of taxing only the excess above those amounts. The law also provides that the additional tax shall be assessed on the excess of net income over and above $20,000. If the exemptions that apply in favor of the normal tax, are extended also to the sur-tax, the result would follow that the excess taxed would be that over and above a net income of $20,000 plus the respective exemptions in favor of single or married persons as the case might be. This is in conflict with the language imposing the additional tax, and does not seem to have been necessary to the purpose of Congress in creating the exemptions. It is not elsewhere expressly so provided in the act, and its language does not impliedly require such a construction.

For the reasons assigned, a judgment for the defendant, with costs, will be ordered entered.